No. 2778

Second Circuit

———

MUSLOW v. WESTMORELAND

———

(April 10, 1930. Opinion and Decree.)

———

B. H. Lichtenstein, of Shreveport, attorney for plaintiff, appellant.

Wilkinson, Lewis & Wilkinson, of Shreveport, attorneys for defendant, appellee.

DREW, J. In a prior suit between plaintiff and defendant, plaintiff sued on an account totaling $313.24. Defendant admitted an indebtedness of $181, for which amount judgment was rendered in favor of plaintiff, and the remainder of his account was non-suited. Plaintiff now sues

to recover the amount of $132.24, being the amount of his claim that was non-suited in the former litigation.

Defendant was engaged in the teaming business and was doing hauling for the Bradseick Lumber Company under a verbal contract whereby the Lumber Company was to furnish all feed used by defendant in feeding his mules.

Defendant's son, a man over the age of 21 years, was in charge of the teams and was being paid by the month. Defendant did not purchase any of the feedstuff and neither did he ever authorize the plaintiff to charge the feedstuff to him. When he was presented with a bill for feedstuff to the amount of $181, he testifies that he agreed to pay that amount and instructed the plaintiff not to charge anything else to his account. The plaintiff denies that he ever received any such orders from defendant, and relies on the testimony that the mules of defendant ate the feed and therefore contends that defendant is liable for the price of same.

Defendant's son testifies that the feed was furnished to him by the lumber company and that he thought it was charged to the lumber company, and that he did not authorize or instruct plaintiff to charge the price of the feed to his father, the defendant.

The case involved only questions of fact, which have been decided by the lower court adversely to the plaintiff. In such cases we are reluctant to disturb the finding of the lower court, unless the same is clearly erroneous. After reading the record in this case we think the lower court was justified in its findings.

It is therefore ordered, adjudged and decreed that the judgment of the lower court be affirmed with costs.